IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES B. TALIDIS,

      Plaintiff,

v.

                                        Case No. 24-cv-139-NJR

C/O O'BRIEN, C/O CORTEZ,
C/O MERCER, C/O STEVE BENNETT,
THOMPSON, WARDEN SHARLETTE
RODGERS, WARDEN KRISTY WUEST,
ROB JEFFREYS, and
LATOYA HUGHES,

      Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James B. Talidis, an inmate of the Illinois Department of Corrections who is currently incarcerated at Vienna Correctional Center, brings this action pursuant to 42 U.S.C. 1873 for deprivations of his constitutional rights while at Southwestern Illinois Correctional Center. Talidis originally filed a Complaint that lacked a statement of claim (Doc. 1). He subsequently filed an Amended Complaint (Doc. 7), alleging confiscation of his thumb drive and legal map. That pleading was dismissed for failure to state a claim (Doc. 21). Talidis filed a Second Amended Complaint (Doc. 23) again complaining about the confiscation of his legal materials. That pleading was also dismissed for failure to state a claim and because several of his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (Doc. 26). The Court noted that Talidis might be able to pursue a claim for injunctive relief that was not barred by *Heck* and granted him leave to file a Third Amended Complaint, limited to an access to the courts

1

claim for injunctive relief (*Id*. at pp. 10-11, 13). The deadline for submitting an amended pleading was August 23, 2024 (*Id*. at p. 13).

Prior to the deadline for filing his Third Amended Complaint, Talidis filed a motion inquiring about his appeal rights (Doc. 27). On August 22, 2024, Talidis filed his notice of appeal (Doc. 29). He never filed his Third Amended Complaint.

On March 6, 2026, the Seventh Circuit dismissed the appeal for failure to prosecute (*See* Doc. 46). On March 9, 2026, this Court entered a Show Cause Order, directing Talidis to show cause as to why his case should not now be dismissed for failing to file a Third Amended Complaint (Doc. 47).

On March 23, 2026, Talidis filed his response, asking the Court to either stay the case or extend his deadline to file a Third Amended Complaint (Doc. 48). Talidis argued that the mandate of the Seventh Circuit was issued prematurely as he was not informed of the denial of his motion for an additional extension of time to file his opening brief. The Seventh Circuit denied the requested extension and also dismissed the appeal in the same order, noting that Talidis was previously warned that no further extensions would be granted and that failure to file an opening brief by the deadline would result in the dismissal of his appeal (Doc. 46). His response to the Show Cause Order merely explains why the Seventh Circuit was wrong to dismiss his appeal, complaining about the mail delivery service at his current facility and his belief that additional time would be granted to file his brief (Doc. 48, p. 1). He also notes that he has new claims that he wishes to possibly pursue. But he wants to continue to pursue his appeal before proceeding with a possible amended complaint in this case. He notes that he is filing a motion to vacate the Seventh Circuit's dismissal of his appeal (*Id*.). That motion

has already been denied by the Seventh Circuit. *See Talidis v. Jeffreys*, No. 24-2466, Doc. 42 (7th Cir., filed Mar. 20, 2026).

Although Talidis was ordered to show cause why his case should not be dismissed for failing to file his Third Amended Complaint, he merely asks that the case continue to be stayed while he tries to reopen his appeal. In the alternative, he asks for more time to file an amended pleading, noting that he now has additional claims that he wants to pursue. He identifies possible claims for violations of his Fourteenth Amendment equal protection rights and cruel and unusual punishment under the Eighth Amendment. But this case has lingered for over 18 months while Talidis sought to appeal the Court's previous dismissal. He has had ample time to draft a Third Amended Complaint, but he seeks additional time to draft a pleading with new claims. He specifically states that he wishes to pursue claims for violations of the Fourteenth and Eighth Amendments, but those potential claims were previously dismissed with prejudice (Doc. 26, p. 13). Talidis failed to file an amended pleading by the deadline, choosing instead to appeal the dismissal of his Second Amended Complaint. *McElroy v. Lopac*, 403 F.3d 855, 857 (7th Cir. 2005) (noting that the plaintiff chose to appeal rather than file an amended complaint after the complaint was dismissed with leave to amend, thus waiving his intention to amend).[1] He fails to offer a basis for granting him additional time to submit a new pleading with claims that were already dismissed with prejudice.

---

[1] Talidis's docketing statement with the Seventh Circuit noted that his appeal included both the dismissal with prejudice of his potential claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment, as well as his access to courts claim under the First Amendment. Talidis noted that his access to courts claim was still pending (it was actually dismissed without prejudice with leave to amend) but argued that he should receive a judgment from the Seventh Circuit on that portion of his pleading as well. *See Talidis v. Jeffreys*, Case No. 24-2466, Doc. 16 (docketing statement) (filed Feb. 18, 2025).

Thus, his requests are **DENIED**, and this entire case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

If Talidis wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Talidis does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: March 25, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

4